**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ANGELA and MARK COOK, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-08-947-M |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is "Defendant United States' Motion for Summary Judgment" [docket no. 13], filed February 23, 2009. On March 10, 2009, plaintiffs filed their response, and on March 23, 2009, the government filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.   INTRODUCTION

Plaintiffs commenced this action as grounded in medical malpractice pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* Plaintiffs assert that the government is responsible for the failure to diagnose and make referral for an eye condition of plaintiff Angela Cook by the Pawnee Indian Health Center and the physician who saw plaintiff Angela Cook, Dr. Robert Morgan. Plaintiffs also allege the government was negligent in hiring, retaining and/or extending privileges to Dr. Robert Morgan. Furthermore, plaintiffs seek relief on the basis that plaintiff Mark Cook, the father of plaintiff Angela Cook, has incurred medical expenses for the care and treatment of his daughter as a result of the government's negligence. Plaintiff Mark Cook also alleges that he has been deprived of his daughter's earnings, services and companionship during minority.

The government now moves for summary judgment pursuant to Federal Rule of Civil Procedure 56(c) on the basis that there is no genuine issue of material fact. The government,

therefore, asserts it is entitled to judgment as a matter of law.

II.     SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party."  *19 Solid Waste Dep't Mechanics v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts.  Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.    DISCUSSION

Plaintiffs assert that summary judgment should be denied or deferred until further discovery is completed pursuant to Rule 56(f).  In support, plaintiffs attach the affidavit of their counsel which indicates a desire to depose Dr. Robert Morgan.

Pursuant to Rule 56(f), if a party opposing a motion for summary judgment cannot present facts essential to justify the party's opposition, the Court may deny the motion for summary

judgment, order a continuance until evidence may be obtained, or make such other order as is just. "However, Rule 56(f) does not operate automatically.  Its protections must be invoked and can be applied only if a party satisfies certain requirements."  *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000).  A Rule 56(f) request requires an affidavit of counsel which "explain[s] why facts precluding summary judgment cannot be presented and identifies the probable fact not available and what steps have been taken to obtain these facts."  *Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992).  As the affidavit submitted in support of the Rule 56(f) request does not explain with specificity how additional material will rebut the summary judgment motion, or explain how additional time will enable plaintiffs to rebut the government's allegation of no genuine issues of material fact, the Court finds plaintiffs have not set forth sufficient basis to believe that Dr. Robert Morgan's deposition would assist plaintiffs in overcoming summary judgment.

In addition to the present action, plaintiffs also brought suit in state court for negligence against plaintiff Angela Cook's primary care physician, Dr. Seal.  In the course of her deposition in the state court case, plaintiff Angela Cook provided testimony significant to the instant case as follows:

Q      (By Ms. Allison) What criticisms do you have of Dr. Morgan?
A      I don't.
Q.     You don't think he did anything wrong?
A.     No, I do not.
Q      Why did you sue him?
       MR. ABEL: Her attorneys made those decisions.
Q      (By Ms. Allison) Are you aware that you filed a federal lawsuit against Dr. Morgan?
A      No, I'm not.
Q      As you're sitting here today, you don't know that you've -- well, as you're sitting here today, do you know that you've

|   |   |
|---|---|
|   | sued the Pawnee Indian Healthcare Clinic? |
| A | No. |
| Q | Do you think the Pawnee Indian Healthcare Clinic did anything wrong? |
| A | No, I do not. |

Exhibit B to Motion for Summary Judgment, Deposition of Angela Cook, at 5-6.

Furthermore, plaintiff Mark Cook testified by deposition in the state court case as follows:

|   |   |
|---|---|
| Q | Did you know that you filed a lawsuit against the Pawnee Indian Hospital in federal court? |
| A | No. |

***

|   |   |
|---|---|
| Q | (By Ms. Allison) Well, when your motivation to -- at the point you contacted a lawyer, was your thought that Dr. Seal had messed up? |
| A | Yeah.<br>MR. BISHOP: No, he's not going to testify about when or how or why or what his thought process was for hiring a lawyer. |
| Q | (By Ms. Allison) Have you ever thought anyone messed up other than Dr. Seal? |
| A | I think he was her main pediatrician that should have done more with her referral. |
| Q | Do you think anyone messed up other than Dr. Seal? |
| A | No. |

Exhibit C to Motion for Summary Judgment, Deposition of Mark Cook, at 73, 171.

The government asserts not only is there *no* evidence to support the allegations made in the complaint on behalf of plaintiff Angela Cook, the *only* evidence is directly contrary to those allegations. While the government argues that plaintiffs, personally, do not understand what legal claims have been brought and do not, personally, have complaints about Dr. Robert Morgan, plaintiffs contend that their personal knowledge of the legal theories and the medical facts are irrelevant to the question of whether Dr. Robert Morgan failed to follow the standard of care and

whether his failure caused plaintiff Angela Cook's partial loss of sight. Specifically, plaintiffs argue that determining whom to sue and what allegations to make were legal decisions for their counsel.

Having reviewed the parties' submissions, the Court finds the only cognizable evidence in this case that even mentions the Pawnee Indian Health Clinic or Dr. Robert Morgan is the testimony of plaintiff Angela Cook that they did nothing wrong. The Court finds this testimony represents a clear party admission, and this admission was not retracted, qualified, or otherwise explained by any supplemental statement or declaration of plaintiff Angela Cook. Even assuming that the affidavits from plaintiff Angela Cook's treating physicians could be used to support the negligence claims, the Court finds these affidavits conclusory in nature, and they do not mention, let alone accuse or blame, the Pawnee Indian Health Clinic or Dr. Robert Morgan for the eye condition. Because the Court cannot disregard plaintiff Angela Cook's own testimony and instead rely upon arguments of counsel, and because the affidavits of plaintiff Angela Cook's treating physicians do not create a genuine issue of material fact, the Court finds that plaintiffs have provided no basis to deny summary judgment as to the instant claims.

The government also asserts that summary judgment is warranted for plaintiff Mark Cook's claims because they are merely derivative of plaintiff Angela Cook's claims. "[T]he right of the parent to recover for loss of services, etc., depends on the right of the child to recover for [her] injuries." *Boyett v. Airline Lumber Co.*, 277 P.2d 676, 680 (Okla. 1954). The Court finds, therefore, that plaintiff Mark Cook is precluded from recovering on claims for which plaintiff Angela Cook cannot recover.

IV.     CONCLUSION

Accordingly, the Court GRANTS the motion for summary judgment.

**IT IS SO ORDERED this 15th day of April, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE